IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN RAY SMITH,  CV. 08-557-HU

        Petitioner,  FINDINGS AND RECOMMENDATION

  v.

HARDY MEYERS, et al.,

        Respondents.

Rankin Johnson IV
Law Office of Rankin Johnson IV, LLC
714 SW 20th Place
Portland, Oregon 97205

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4700

    Attorneys for Respondents

HUBEL, Magistrate Judge

1 -- FINDINGS AND RECOMMENDATION

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition should be dismissed, for lack of jurisdiction.

## BACKGROUND

On October 22, 1998, petitioner was convicted of three counts of Sexual Abuse in the First Degree. Petition at 2; Resp. Exh. 101. Petitioner was sentenced to a five-year term of probation, and petitioner was required to register as a sex offender for the rest of his life. Resp. Exh. 101.

On November 2, 1998, petitioner filed a direct appeal. The Oregon Court of Appeals affirmed the conviction, without opinion, and petitioner did not seek review by the Oregon Supreme Court. Resp. Exh. 106. The appellate judgment issued on February 28, 2000. Id.

Over a year later, on April 19, 2001, petitioner filed a state post-conviction proceeding. Resp. Exh. 107. The state post-conviction court granted relief, but the Oregon Court of Appeals reversed. Smith v. State, 201 Or. App. 520, 119 P.3d 801 (2005). Petitioner did not seek review by the Oregon Supreme Court. The appellate judgment issued on February 3, 2006. Resp. Exh. 108.

Petitioner was discharged from formal probation supervision on November 21, 2001. Answer at 1; Resp. Exh. 102. Petitioner's formal probation was converted to "bench probation" which, in turn,

2 -- FINDINGS AND RECOMMENDATION

expired on September 15, 2003. Answer at 2; Resp. Exhs. 103-04. Petitioner filed the instant proceeding on May 8, 2008.

## DISCUSSION

Petitioner affirmatively alleges in his petition that he is not in custody or on supervision pursuant to the sex abuse convictions he seeks to challenge. Petition at 2. In his supporting memorandum, however, he argues that he should be deemed "in custody" by virtue of the fact that he is a registered sex offender, and must annually report *in person* to the Department of State Police, a city police department, or a county sheriff's office. See O.R.S. 181.597(1)(a)(C). I disagree.

In Maleng v. Cook, 490 U.S. 488, 490-91 (1989), the Supreme Court held that a habeas petitioner must be "'in custody' under the conviction or sentence under attack *at the time his petition is filed*" in order to invoke the district court's habeas corpus jurisdiction. "'[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.'" Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir.), cert. denied, 546 U.S. 1043 (2005) (quoting Maleng, 490 U.S. at 492).

In McNab v. Kok, the Ninth Circuit applied the holding in Maleng to a petition filed by a sex offender subject to the registration requirements of Oregon's sex offender registration

3 -- FINDINGS AND RECOMMENDATION

statutes. 170 F.3d 1246 (9th Cir. 1999). The Ninth Circuit concluded that because "sex offenders subject to registration in Oregon are free to move to a new place of residence so long as they notify law enforcement officials of their new address," Oregon law does not place an offender "in custody" within the meaning of § 2254(a). McNab, 170 F.3d at 1247 (citing Williamson v. Gregoire, 151 F.3d 1180, 1184 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999) (construing Washington law), cert. denied, 525 U.S. 1081 (1999); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir.), cert. denied, 528 U.S. 963 (1999) (construing California law)).

Petitioner argues that McNab was decided incorrectly, and that the requirement under Oregon law that a sex offender report to police *in person* on an annual basis renders him "in custody" for purposes of habeas corpus jurisdiction. The Ninth Circuit has rejected this argument, concluding that "[r]egistration, even if it must be done in person at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purposes of federal habeas corpus relief." Henry, 164 F.3d at 1242; Bradford v. Scribner, 2009 WL 57600 *3 (E.D.Cal. Jan. 9, 2009) (same); Hutton v. Kern County Sheriff's Dept., 2007 WL 1544709 *1 (E.D. Cal. 2007) (same).

Accordingly, based upon the holdings in McNab and Henry, petitioner is not in custody pursuant to the state judgment he

4 -- FINDINGS AND RECOMMENDATION

seeks to challenge in this proceeding. Moreover, petitioner is not entitled to an exception from the "in custody" requirement. See Resendiz, 416 F.3d at 959 (exceptions from the "in custody" requirement include *Gideon* violation, and where no channel of state review was actually available). Petitioner's petition for writ of habeas corpus, therefore, should be dismissed, for lack of jurisdiction.

In the alternative, the petition is subject to dismissal on the basis that it is untimely. See 28 U.S.C. § 2244(d)(1). As respondent correctly notes, the one-year limitation period expired prior to the date that petitioner filed the state post-conviction proceeding. Petitioner offers no basis for equitably tolling during this time period. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove casual connection between "extraordinary circumstance" and late filing of petition). Accordingly, the petition is untimely.

## **CONCLUSION**

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) should be DISMISSED, for lack of jurisdiction. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

///

5 -- FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due January 29, 2010.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due February 16, 2010.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this _11th___ day of January, 2010.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge